THE M. BECKER CLEANING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RICHARD HARRIS, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*new claim of injury to an employee cannot be made under paragraph (h) of section 19.* Paragraph (h) of section 19 of the Compensation act, allowing a review of an award or agreement where the disability has "recurred, increased, diminished or ended," refers to the disability for which the original award or agreement was made; and where the original compensation was for an injury to the employee's arm, a petition for review under section 19 cannot be made the basis of a hearing on a new claim that in the same accident the employee received an injury to his hip.

2. SAME—*award under paragraph (h) of section 19 must be in accord with petition for review.* While pleadings before the Industrial Commission are not of the same formal character as those in courts of law the allegations must be sufficient to apprise the opposite party of the claim which he must meet, and where a petition for review under paragraph (h) of section 19 makes no claim of an increase in the disability for which the original compensation was paid, claiming only a new disability not considered in the former proceeding, it is error to allow further compensation for an increase in the disability for which compensation was paid.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

MAX F. ALLABEN, for plaintiff in error.

THOMAS A. MURPHY, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

August 25, 1923, Richard Harris, an employee of the Becker Cleaning Company, while standing on a ladder oiling a belt, fell and injured his left arm. Thereafter he entered into a settlement agreement in writing with the Becker Cleaning Company, which agreement recited the happening of the accident on August 25, 1923, the manner of its occurrence, the attendance of Harris by a physician, that the nature of the injury was a fracture of the middle third of the radius, that the earnings of the employee were $40 a week, that there were nineteen weeks of temporary total disability paid at the rate of $14 per week and that the terms of the settlement were $14 per week for forty weeks, or a total of $560 for a twenty per cent loss of the use of Harris' left arm. The agreement was signed by the parties and filed with the Industrial Commission on January 7, 1924, and approved by the commission on January 21, 1924. On August 9, 1924, Harris filed a petition for review under paragraph (*h*) of section 19 of the Workmen's Compensation act. The basis of his claim was, "$554.15 paid for twenty per cent loss of use of arm; I am now claiming for disability of fractured hip received in the same accident." On the hearing of the petition the Industrial Commission entered an order finding that the injury had recurred and increased, and that the petitioner had sustained a permanent loss of fifty per cent use of his left arm and the permanent loss of forty per cent of the use of his right leg. To review this finding a writ of *certiorari* was prosecuted to the superior court of Cook county, which court sustained the finding of the commission. This writ of error is prosecuted by leave of this court to review that decision.

Counsel for plaintiff in error insists that on the application for review a new cause of action was stated, and that upon an application for review under paragraph (*h*) of section 19, either upon an award or an agreement, only such injuries can be considered as were included in the original application or agreement. The words of the statute, "recurred, increased, diminished or ended," imply a previous injury for which the award or agreement has been made, and a petition under this section cannot be used as a means of securing a hearing on a new claim before the commission. Harris testified that in discussing the matter of the settlement with the agent of the Becker Cleaning Company he did not say anything to him about any injury to his hip; that he made no statement of any kind at that time about his hip; that he was present before the Industrial Commission when the contract settlement was signed and did not say anything to the commission about any injury to his hip. The settlement agreement being wholly a settlement for an injury to Harris' left arm, he cannot, by a petition under paragraph (*h*) of section 19, secure an award for an injury to his hip.

In his written petition for review Harris makes no claim for any increased disability of the arm. While the pleadings before the Industrial Commission are not of the same formal character as those in courts of law, yet a petition must be sufficient to apprise the opposite party of the claim which he must meet. Harris in his written petition having made no claim for any increased disability of his arm it was error to allow the claim, as an award must be consistent with the petition. *Consumers Co.* v. *Industrial Com.* 315 Ill. 592.

The judgment of the superior court is reversed and the award of the Industrial Commission set aside.

*Judgment reversed and award set aside.*