(No. 2346—

JOSEPH KIEGEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937*

MILLER & THOMAS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On April 10, 1935 an award was entered in the above entitled cause for One Hundred Fifty Six and 08/100 ($156.08) Dollars, as a balance due for temporary disability; also Three Hundred Seventy and 50/100 ($370.50) Dollars for a fifteen (15) percent partial permanent loss of the use of the right leg; also the further sum of One Hundred Two ($102.00) Dollars for the use of Dr. T. H. Culhane for professional services rendered to plaintiff, making a total award of Six Hundred Twenty Eight and 58/100 ($628.58) Dollars. In the original hearing plaintiff sought an additional award for partial loss of use of his left leg and due consideration was given such claim.

Application was thereafter made for a review under Section 19 (h) of the Workmen's Compensation Act, whereby claimant seeks an additional award of five (5) percent for

partial permanent loss of the use of each of his legs; said Application for Review having been filed November 13, 1935, and within eighteen months of the original award heretofore entered.

It is clear from the decisions of the Supreme Court that the previous award is conclusive as to all questions of law and fact, as to liability for compensation and as to the existence and nature and extent of disability at the time of the previous award, and the only ground for the proceedings under Section 19 (h) is that the disability has recurred, increased, diminished or ended subsequent to the time of such award.

As the question of an award to plaintiff for purported loss of use of the left leg was fully considered in the original hearing and no award was made therefor, any award made therefor at this time would be in the nature of a re-hearing, and not for an increased disability as contemplated by Section 19 (h). The court is of the opinion that to predicate an award in a re-hearing under Section 19 (h), there must have been a previous grant of an award for the specific loss for which an increased redress is sought.

In *Becker Cleaning Co.* vs. *Ind. Com.*, 322 Ill. 603, there was a settlement for temporary compensation and also twenty (20) percent loss of use of an arm. Petition for Review under Section 19 (h) was filed, claiming disability for a fractured hip from the same accident. The Commission awarded fifty (50) percent loss of use of the arm and forty (40) percent loss of use of a leg. The award as to the arm was not sustained because there had been no claim in the petition for increased disability of the arm, and the award to the leg was not sustained because it was not an injury included in the original settlement. The court said:

"The words of the statute 'recurred, increased, diminished or ended' imply a previous injury for which the award has been made, and a petition under this section cannot be used as a means of securing a hearing on a new claim."

In the previous hearing Dr. Culhane stated that plaintiff's right leg was one-half inch shorter than the left, that there was some bowing of the leg just below the knee; that while he has free motion in the knee joints and no disability as far as walking is concerned, yet there is a slight limitation of motion in the knees when plaintiff "squats down"; further that such limitation may improve with time.

The evidence submitted at this time in support of any increased disability is very meager. Plaintiff testified that in his opinion his right leg has grown shorter than it was when the award was entered, and he limps more and becomes more tired than at that time. His work as a foreman on the WPA and as a nursery-stock salesman necessitates his being on his feet for long periods. The testimony of two medical men, Dr. Earnst E. Ochsner and Dr. Robert A. Reedy, has been submitted in the review. The examination made by these two gentlemen dates back to approximately a month after the previous award was entered, i. e. May 21, 1935. Both Doctors fix plaintiff's disability at twenty (20) percent loss of use of his right leg and five (5) percent loss of use of his left leg. Dr. Ochsner further stated that judging from the amount of deformity and atrophy of the muscles, plaintiff's injuries had reached a permanent stage. The evidence in support of an increase, being based upon the examination made so closely following the previous award, does not give much support for an increased finding. Consideration of the entire record however, apparently warrants that there is an increased permanent partial loss of use of plaintiff's right leg to the extent of five (5) percent, and an additional award is hereby entered in favor of plaintiff under the provisions of Section 19 (h), in the sum of One Hundred Twenty Three and 50/100 ($123.50) Dollars.