THE BREWERTON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PAUL MOLNER, Defendant in Error.)

*Opinion filed December 23, 1926.*

1. WORKMEN'S COMPENSATION—*nature of review before the Industrial Commission.* While the proceeding before the Industrial Commission on review is *sui generis,* in that it partakes both of the nature of an appeal and an original action, there is a similarity between the statutory provision for review before the commission and the provisions of other statutes for appeals, and such provisions are to be applied.

2. SAME—*legal rules of procedure should be followed when applicable.* Whenever any question of practice arises in compensation cases the established rules of legal procedure in courts of law, so far as the same are applicable, are to be followed.

3. SAME—*party filing petition for review before the Industrial Commission is entitled to have it dismissed on motion.* A party filing a petition for review before the Industrial Commission is entitled to have the petition dismissed on motion without the consent of the opposite party, as an appellant has the undoubted right to dismiss his appeal; and the filing of a petition for review by one party does not deprive the other of the right to petition for review, which he should do if he is not satisfied with the arbitrator's decision.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

THOMAS W. ANGERSTEIN, and GEORGE W. ANGERSTEIN, for plaintiff in error.

A. W. KERR, and JOSEPH A. LONDRIGAN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Paul Molner, an employee of plaintiff in error, filed his claim under the Workmen's Compensation act with the Industrial Commission for compensa-

tion on account of injuries received by him arising out of and in the course of his employment. A hearing was had before an arbitrator, who awarded compensation in the sum of $17 per week for 31-3/7 weeks for the period of temporary total incapacity. Plaintiff in error within the time prescribed by law filed its petition for a review, and a hearing was set by the Industrial Commission for February 19, 1925. On January 14, 1925, plaintiff in error filed a written motion with the commission to dismiss its petition for review, and on February 19, 1925, upon a hearing before the commission, before any other proceedings were had, renewed its motion to dismiss its petition. It was stipulated upon the hearing of this motion that Molner did not know, within the statutory period within which a petition for review might be filed, whether or not plaintiff in error had filed a petition for review; that Molner had not filed a petition for review and that he was in no way influenced by the action of plaintiff in error in filing a petition for review. The commission, after overruling plaintiff in error's motion to dismiss its petition for review, proceeded to a hearing, plaintiff in error not participating, and then entered an award for permanent total disability in the sum of $17 per week for 250 weeks and thereafter a pension for life in the sum of $28.33 per month. Upon *certiorari* the circuit court affirmed the award of the Industrial Commission, and by leave of this court the record is now here for review upon writ of error.

The material question involved in this case is whether or not plaintiff in error had a legal right to dismiss its petition for review upon the filing of the written motion to dismiss prior to the hearing on review, and upon the renewal of the motion at the hearing before any other proceedings were had, where it appeared that its action in filing its petition for review did not in any way prejudice or influence defendant in error or cause him to not file a petition for review.

While the Industrial Commission is not a judicial body and performs no judicial functions, (*Savoy Hotel Co.* v. *Industrial Board,* 279 Ill. 329,) we have repeatedly held that its findings, as in courts of law, must be based on evidence fairly tending to prove them, (*Bauer & Black* v. *Industrial Com.* 322 Ill. 165,) and when not so based it is the duty of a court of review to set them aside; (*St. Louis and O'Fallon Coal Co.* v. *Industrial Com.* 321 Ill. 117;) that the rules for the admissibility of evidence and the burden of proof are the same as prevail in common law actions for personal injuries; (*Merritt* v. *Industrial Com.* 322 Ill. 160; *Consumers Co.* v. *Industrial Com.* 315 id. 592;) that while no technical pleading is necessary, (*Benton Coal Co.* v. *Industrial Com.* 321 Ill. 208,) following the analogy of courts of law, it is necessary for the claimant to set forth in his statement of claim sufficient facts to apprise the employer of the claim he is expected to meet; (*Becker* v. *Industrial Com.* 322 Ill. 603;) that while the petition for review is *sui generis,* the rules of law as to jurisdiction are to be applied (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462,) and the same effect given to a general appearance as in courts of law; (*Gregory* v. *Industrial Com.* 310 Ill. 409;) that while the proceeding before the commission on review is *sui generis* in that it partakes both of the nature of an appeal and an original action, there is a similarity between the statutory provision for review before the commission and the provisions of other statutes for appeals, (*People* v. *Andrus,* 299 Ill. 50,) and such provisions are to be applied. Whenever any question of practice or procedure in compensation cases has arisen this court has held that the established rules of legal procedure in courts of law, so far as the same are applicable, are to be followed. The statute of Michigan for review of the arbitrator's decision, while different in language, is substantially analogous to ours. (*Benton Coal Co.* v. *Industrial Com. supra.*) In *Castator* v. *Boyes,* 192 N. W. (Mich.)

696, there was an award on arbitration in favor of an employee against the employer for compensation from which the employer appealed to the Industrial Board, but before the case came up for hearing there the employer wrote the board requesting that the appeal be dismissed, and the board entered an order dismissing the appeal. The record was taken by the employee to the Supreme Court on *certiorari,* and it was assigned as error that the board had no power to dismiss the appeal without the consent of the employee, but the court held that the board had power to dismiss the appeal without such consent. At common law a plaintiff was permitted to take a non-suit at any time before the verdict was rendered in court. (*Berry* v. *Savage,* 2 Scam. 261.) The petition for review under consideration was filed by plaintiff in error. It was its petition, and if the same rules are to be applied as are applied in analogous cases in courts of law, it had a right to dismiss the petition without the consent of the opposite party. It was similar in character to an appeal, and in this State an appellant has the undoubted right to dismiss his appeal. (*McCreery* v. *Bartholf,* 305 Ill. 325.) If Molner was not satisfied with the decision of the arbitrator he should himself have filed a petition for review. Taking an appeal by one party does not deprive the other of the right to do the same thing, (*Bacon* v. *Lawrence,* 26 Ill. 53,) and, by analogy, filing a petition for review by one party does not deprive the other of the right to do the same thing. By not doing so Molner acquiesced in the award and must now be content with it.

The judgment of the circuit court is reversed and the cause remanded to the Industrial Commission, with directions to dismiss the petition for review.

*Reversed and remanded, with directions.*