(No. 19936.—

THE CHECKER TAXI COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS POLLACK, Plaintiff in Error.)

*Opinion filed February 18, 1931.*

HARRY O. ROSENBERG, and MAGNUS B. ROSENBERG, (JOSEPH J. AUGUSTUS, of counsel,) for plaintiff in error.

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and CLAUD D. RABER, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Louis Pollack, made application to the Industrial Commission for an award against the Checker Taxi Company for the loss of an eye and the fracture of his skull. On March 1, 1923, he entered into a lump sum settlement, which was approved by the Industrial Commission and which provided for the payment of $1700 for the loss of the eye and $300 for the fracture of the skull, which sums were paid. On May 12, 1925, he filed a petition for review on the ground that his disability had increased subsequent to the last settlement. On June 13, 1925, he entered into an agreement with defendant in error which provided that in consideration of $200 for partial permanent disability, representing twenty weekly installments commencing January 29, 1925, the parties agreed to waive the provisions of the Compensation act and to settle all questions arising out of the accident. . The agreement provided that it might be reviewed by the Industrial Commission upon petition of either party under paragraph (a) of section 19 of the act; that plaintiff in error was to dismiss his petition for review filed May 12, 1925; that he had recovered sufficiently to resume work; that he had not entirely recovered; that his disability was not total and had not been since January 29, 1925; that there was no evidence as to his actual earnings prior to October 24, 1922; that any further payments which might be due had been fixed

to conform to paragraph $(d)$ of section 8 of the statute at the rate of $10 per week, and that regular and necessary medical treatment was to be furnished. This agreement was not approved by the Industrial Commission but it was filed with the commission. The last payment was made under this agreement on January 23, 1926. On May 27, 1926, plaintiff in error filed a petition for review of the agreement of June 13, 1925, under paragraph $(h)$ of section 19 of the statute, alleging that his condition had grown worse and that he was unable to work, and he asked for a pension. A hearing was had upon this petition on May 18, 1927, and the commission found that the disability had recurred and increased, that plaintiff in error was completely and permanently incapable of work, and an order was entered for $28.83 per month for life. Defendant in error prosecuted a writ of *certiorari* from the superior court of Cook county to review this last order. On December 9, 1927, it was stipulated in the superior court that the record should be sent back to the Industrial Commission for the purpose of adding the agreement of June 13, 1925, and all records pertaining thereto. On December 28, 1928, an order was entered by the superior court quashing the writ of *certiorari* and dismissing the suit. On February 2, 1929, an order was entered vacating the order of December 28, 1928, on the ground that the court was without jurisdiction to enter it. On June 6, 1929, a stipulation was filed in the superior court which provided that copies of the documents, including the agreement of June 13, 1925, were a part of the files of the Industrial Commission. The record does not show that the transcript from the Industrial Commission was ever re-filed in the superior court after December 9, 1927, except from the fact that the documents referred to in the stipulation of June 6, 1929, are the same documents referred to in the order of December 9, 1927. After the re-instatement of the case and the filing of the stipulation of June 6, 1929, plaintiff in error by his coun-

sel appeared and argued the case, and on July 6, 1929, the court set aside the last award of the Industrial Commission, and this writ of error has been prosecuted to review that judgment.

It is insisted by plaintiff in error that after the adjournment of the December term, 1928, of the superior court the court was without jurisdiction on February 2, 1929, to set aside the order of December 28, 1928, and vacate the order of the Industrial Commission, therefore the order of December 28, 1928, is in full force and effect, and under it the writ of *certiorari* was quashed and the suit was dismissed. Where a court has jurisdiction of all of the parties and of the subject matter and a judgment is entered, the court is without jurisdiction at a subsequent term to set aside such judgment, and it can only be amended in a mere matter of form. (*Chapman* v. *North American Ins. Co.* 292 Ill. 179; *Bushnell* v. *Cooper,* 289 id. 260; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369; *People* v. *Wells,* 255 id. 450; *Gray* v. *Ames,* 220 id. 251.) If the order of December 28, 1928, was entered before the record was re-filed in the superior court that court was without jurisdiction to enter the order of that date and the order was a nullity. The order of February 2, 1929, recites that the court had no jurisdiction to enter the order of December 28, 1928, and no exceptions were taken to the order of February 2, 1929. In *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh,* 150 Ill. 607, it was held that where the court below has made an amendment to the record or bill of exceptions, in the absence of any exceptions to the source of information upon which the court acted it will be presumed there was something to amend by—some note or memorandum sufficient to enable the court to make the proper amendment— and that it is incumbent upon any party objecting to the amendment to show by a bill of exceptions upon what the court acted, if he intends to question its sufficiency to authorize the amendment to be made. On June 6, 1929, coun-

sel joined in a stipulation to supply the papers and documents referred to in the order of December 9, 1927. Prior to this stipulation there is no showing that this case was properly before the court in order that the writ of *certiorari* could be quashed, as was done by the order of December 28, 1928, and therefore the order of February 2, 1929, was properly entered and was valid and binding.

The next question is whether the petition of May 27, 1926, was filed within the time provided by statute. It was not filed within eighteen months of the settlement of March 1, 1923, but it was filed within eighteen months of the settlement of June 13, 1925, and it was filed for the purpose of reviewing that settlement. While the last settlement was not approved by the Industrial Commission it was filed with the commission and provided that it might be reviewed by the commission upon petition of either party, as provided in paragraph (*a*) of section 19 of the statute. Paragraph (*h*) of section 19 of the statute is as follows: "An agreement or award under this act providing for compensation in installments, may at any time within eighteen months after such agreement or award, be reviewed by the Industrial Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-established, increased, diminished or ended." In *Hartford Accident Co.* v. *Industrial Com.* 320 Ill. 544, on page 546, this court said: "Moreover, the agreement also provides that it shall be subject to be reviewed by the Industrial Commission upon petition of either party, as provided by paragraph (*h*) of section 19 of the Compensation act. The jurisdiction of the commission continues in the case of a settlement by agreement approved by that body as it does in case of an award." The statute does not confine the power of the Industrial Commission to review an agreement or award to an original agreement or award.

Any agreement or award providing for compensation in installments may be reviewed by the commission, provided a petition is filed within eighteen months. The purpose of paragraph (*h*) of section 19 of the statute is to fix a period of time in which it may be determined whether the injuries have recurred, increased or diminished. (*Big Muddy Coal Co.* v. *Industrial Com.* 289 Ill. 515.) An employer can not relieve himself from liability by a contract with his injured employee. (*Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112.) In *Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194, it was held that any settlement or agreement made with an injured employee must be considered as having been made under the act, whether so expressly stated or not. In *Tribune Co.* v. *Industrial Com.* 290 Ill. 402, the employee was injured in August, 1915, and was paid compensation for nine weeks, the last payment being in October, 1915. In March, 1917, he executed a contract of settlement which made no reference to the act, under which he received $150 in cash. In July, 1918, he filed a petition for review on the ground that his injury had recurred and increased. It was insisted that the statutory period for making such a claim for compensation had expired before the settlement contract was executed. This court held that the agreement of March, 1917, could be reviewed, and on page 405 said: "By the settlement agreement both parties submitted to the jurisdiction of the Industrial Commission on the merits of the case, and the conclusion necessarily follows that they waived jurisdiction as to the time limitation with reference to voluntary payment, even though the agreement stated to the contrary. It is clear from the wording of the Workmen's Compensation act that the employer can waive the question of time as to when the claim shall be filed." Under these authorities the petition for review filed on May 27, 1926, was filed within the time provided by statute and the court had jurisdiction to consider the same.

The next question is whether the evidence was sufficient to show that the injuries to plaintiff in error had recurred or increased to such an extent as to justify the order entered by the Industrial Commission. The evidence shows that in 1923, after the lump sum settlement was made, plaintiff in error tried to run a small store in which he sold cigars and candy. He was unable to do so on account of dizziness and spells which he had. He disposed of his store and from 1923 until 1926 he was out of employment. He worked for his brother in a store for a few weeks about Easter in 1926, but this dizzy condition continued until he had to quit work. Since that time he has been without employment. Regardless of the opinion that was entertained at the time he was injured as to the extent of the injury, it is apparent that at the time the last petition was filed the injury had increased to such an extent that he was practically unable to secure or retain employment of any kind. He is married and has three children under sixteen years of age. The medical evidence is that he needs medical attention at the present time. If for four years he has been unable to work at any gainful occupation and his condition has not improved but has grown worse, it is apparent that he is entitled to an award for permanent disability and a pension. The evidence sustains this finding, and the superior court was in error in setting aside the award of the Industrial Commission.

The judgment of the superior court is reversed and the cause remanded to that court, with directions to enter judgment confirming the award.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*