(No. 31779.—)

LEONA MAE MURPHY *et al.*, Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(NORTHWESTERN STEEL AND WIRE Co. *et al.*, Defendants in Error.)

*Opinion filed March 22, 1951.*

WALTER B. SMITH, of Hillsboro, for plaintiffs in error.

RIORDON, FLETCHER & NELSON, of Morrison, for defendant in error Northwestern Steel and Wire Company.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

This case arises on a writ of error granted to review a judgment of the circuit court of Whiteside County quashing a writ of *certiorari* issued out of that court to review an order of the Industrial Commission.

Cecil Murphy came to his death by accidental means on September 13, 1949, while an employee of Northwestern Steel and Wire Company. Thereafter, application for adjustment of claim under the provisions of the Workmen's Compensation Act was made by his widow and a hearing was had before an arbitrator on March 9, 1950. The only

question in dispute was the matter of dependency of the widow and children of the deceased employee. The arbitrator found that the employee was survived by Mrs. Cecil Maronde Murphy, his widow, and by Janice Irene Murphy, their infant child, and by two other minor children, Leona Mae Murphy and Myrna Loy Murphy, by a former marriage. The arbitrator fixed compensation in the total sum of $8000, of which sum the widow and her child, Janice Irene Murphy, were to receive $24 per week for 296 weeks. Frances Laughlin, the mother of the two children by the former marriage, was to receive for their support $3 per week for 296 weeks and $8 for one week. Notice of the decision of the arbitrator was received by her as their mother and next friend on April 5, 1950.

April 10, 1950, within the fifteen-day period provided by statute, Northwestern Steel and Wire Company, referred to herein as the defendant in error, filed a petition for review of the decision of the arbitrator. Fifteen days later it filed a motion to dismiss its said petition. No order was ever entered as a result of that motion. Thereafter, on April 28, 1950, after the expiration of the statutory period for the filing of such petition, the two minor children of the first marriage, by their mother and next friend, filed a petition for review of the decision of the arbitrator. May 1, 1950, six days after the expiration of the statutory period provided for such purpose, a transcript of proceedings before the arbitrator was filed with the Industrial Commission. The parties had previously entered into a stipulation whereby they had agreed that if either party should file a petition for review within the time permitted by statute and order a transcript of proceedings within the statutory period, the opposite party would waive the question of jurisdiction, should the reporter fail to complete or furnish the transcript on time. The abstract does not reveal when, or by whom, the transcript was ordered, but the petition for review filed by defendant in error stated "Your peti-

tioner represents that an agreed statement of facts or correct transcript of evidence of the proceedings before said arbitrator will be filed by your petitioner as required by law."

The matter was set down for hearing on review, and all parties appeared and participated in such hearing. The motion to dismiss the employer's petition for review was not renewed or urged at the hearing before the commission, and no objection was made by anyone that the transcript of proceedings before the arbitrator had not been filed within the period required by law. Additional evidence on the merits was taken before the commissioner on May 8, 1950. Thereafter, on May 15, 1950, the commission entered an order dismissing the petitions for review for the reason that the petitioning parties had failed to file a transcript of the proceedings before the arbitrator, as provided in the Workmen's Compensation Act. A writ of *certiorari* was sued out of the circuit court, whereupon defendant in error moved to quash the writ upon the grounds that the petition for review filed by plaintiffs in error had not been filed within fifteen days after the receipt of notice of the decision of the arbitrator as provided by the Workmen's Compensation Act, and that plaintiffs in error had failed to order a transcript of evidence and proceedings before the arbitrator within the limitation fixed by the act. The circuit court, after hearing arguments on the motion, quashed the writ of *certiorari*. This writ of error followed.

The question presented on this record is whether or not the Industrial Commission had jurisdiction to review the proceedings had before the arbitrator. Section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1949, chap. 48, par. 156,) provides that the decision of the arbitrator, or committee of arbitration, shall be filed with the Industrial Commission, which commission shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed,

and unless a petition for review is filed by either party within fifteen days after the receipt by said parties of the copy of said decision and notification of time when filed, and unless such party petitioning for a review shall, within twenty days after the receipt by him of the copy of said decision, file with the commission either an agreed statement of the facts appearing upon the hearing before the arbitrator, or if such parties shall so elect, a correct transcript of evidence of the proceedings at such hearing, then the decision shall become the decision of the Industrial Commission and in the absence of fraud shall be conclusive: Provided that such Industrial Commission, or any member thereof, may grant further time not exceeding thirty days in which to petition for such review or to file such agreed statement or transcript of evidence.

The Industrial Commission obtained jurisdiction of the case when defendant in error filed a petition for review within the time limited in the act. Such jurisdiction was not lost by a subsequent delay of six days beyond the twenty-day period fixed by statute for the filing of the stenographic report or agreed statement of facts, where the parties appeared before the commission and without objection participated in a hearing on the merits. (*Gregory* v. *Industrial Com.* 310 Ill. 409; *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.) In order to raise the question that the commission had lost jurisdiction because of the failure to file a stenographic report in apt time, it was necessary that a motion to dismiss be made on that ground before the commission. (*Omaha Boarding and Supply Co.* v. *Industrial Com.* 306 Ill. 384.) Participation before the commission in a hearing upon the merits, without raising and disposing of this question, waives all right to object to the commission's jurisdiction on such grounds in the circuit court or in this court. *New Staunton Coal Co.* v. *Industrial Com.* 304 Ill. 613; *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.

Defendant in error also contends that it had the right to dismiss its petition for review without the consent of plaintiffs in error; that the petition for review filed by plaintiffs in error was not filed in apt time; and that the decision of the arbitrator was final and binding because the commission had lost jurisdiction to hear the case on review. While defendant in error may have had the right to dismiss its petition for review, as held in *Brewerton Coal Co.* v. *Industrial Com.* 324 Ill. 89, the record does not disclose that its motion to dismiss such proceedings was ever acted upon by the commission, and the question was not preserved for review by the court. The Industrial Commission acquired jurisdiction to review the case upon the filing of the petition for review and we find nothing in the record which has operated to divest that jurisdiction.

The judgment of the circuit court is reversed and the cause is remanded, with directions to that court to remand the same to the commission for a further consideration on the merits.

*Reversed and remanded, with directions.*