(No. 32612.

Railway Express Agency, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Eugene P. Aylward, Defendant in Error.)

*Opinion filed May 20, 1953—Rehearing denied September 21, 1953.*

Henry I. Green, Oris Barth, Darius E. Phebus, and Hurshal C. Tummelson, all of Urbana, for plaintiff in error.

Donald M. Reno, and J. Michael O'Byrne, both of Champaign, for defendant in error.

Mr. Chief Justice Schaefer delivered the opinion of the court:

On November 24, 1948, Eugene P. Aylward filed with the Industrial Commission his application for adjustment of claim for an accidental injury which he alleged arose out of and in the course of his employment with Railway Express Agency on November 26, 1947. Immediately before the taking of evidence before an arbitrator on April 10, 1951, claimant made a motion to amend his application. The motion, seeking to amend only the date of the alleged injury to read August 20, 1948, instead of November 26, 1947, was allowed and an order entered amending the application. Although the employer received notice of the presentation of the motion, it did not interpose any

objection to the amendment. The hearing proceeded as soon as the application was amended. Evidence was heard, and the arbitrator awarded claimant compensation benefits for complete disability. The Industrial Commission sustained the arbitrator's award, and the circuit court of Champaign County confirmed the decision of the commission. We have allowed the employer's petition for writ of error.

Claimant testified that on November 26, 1947, while working as a truck driver for Railway Express Agency in Champaign, he bumped his head against the roof of his truck. He experienced sharp pain. The pain recurred, particularly on Christmas day of 1947. After consulting several physicians about this head pain, claimant went to a clinic in Champaign where a diagnosis of osteomyelitis of the skull was made on April 1, 1948. In May of 1948, he underwent surgery, and the infected portion of the bone was removed. About one month later, a second operation was performed for the purpose of placing a metal plate in claimant's head. After his own doctor granted him permission to return to work, claimant submitted to an examination by the employer's doctor and returned to his regular duties on August 5, 1948. Fifteen days later, on August 20, claimant again bumped his head while carrying some bundles. Immediately after the blow, the metal plate was exposed on the left side of claimant's head. A clear, colorless fluid began to drain from the open wound. Claimant was taken to a hospital by Flowers, the employer's local superintendent. The employer thus had knowledge of this accidental injury. While enroute to the hospital, claimant made claim for workmen's compensation benefits upon his employer by making demand upon Flowers. Several unsuccessful efforts were made to aid the re-healing around the plate, and eventually the plate was removed. Claimant has not been refitted for a plate and apparently will not be refitted. After the second blow on August 20, 1948, more

bone was cut away to remove additional infected area. Claimant's head has healed over but the metal plate cannot be reinserted because of the enormous size of the defect and the development of too much scar tissue.

The employer's principal contention is that the Industrial Commission lacked jurisdiction to award benefits for the injury suffered on August 20, 1948, because no application for adjustment of claim for injuries received on that day was filed within one year. Section 24 of the Workmen's Compensation Act in force on August 20, 1948, (Ill. Rev. Stat. 1947, chap. 48, par. 161,) so far as relevant, provided that "No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident, * * * provided, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, Provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, * * * the right to file such application shall be barred."

This court has repeatedly announced that notice of the accident within thirty days and the making of a claim for compensation within six months after the accident are each jurisdictional and prerequisite to the right to maintain a proceeding under the Workmen's Compensation Act. (*Ferguson* v. *Industrial Com.* 397 Ill. 348; *Burke* v. *Industrial Com.* 368 Ill. 554; *Lewis* v. *Industrial Com.* 357 Ill. 309.) Here, these two statutory conditions precedent to a recovery were satisfied by claimant giving immediate notice of the accident to his employer's superintendent and by making demand forthwith upon him for compensation benefits. (*Corn Products Refining Co.* v. *Industrial Com.* 402 Ill. 250.) And the employer in its brief concedes that "There was notice to, and a claim made of, the employer,

for the August 20, 1948, bump." The employer contends, however, that claimant failed to meet the third statutory prerequisite, namely, the filing of an application for compensation within one year after the date of the injury.

As we have observed, the employer did not interject its objection to the amendment but rather participated freely in the hearing on the amended application for compensation. Necessarily, the first question concerns the possibility of waiver. The employer asserts that the filing of the application within the statutory period is jurisdictional in the sense that the requirement cannot be waived and, indeed, can be raised for the first time in this court. In support of this proposition, the employer refers to cases where objections based upon section 24 were made before the arbitrator, (*International Harvester Co.* v. *Industrial Com.* 410 Ill. 543; *Ferguson* v. *Industrial Com.* 397 Ill. 348; *Burke* v. *Industrial Com.* 368 Ill. 554,) and cases indicating that notice or claim within the prescribed period cannot be waived. (*American Car and Foundry Co.* v. *Industrial Com.* 335 Ill. 322; *Ridge Coal Co.* v. *Industrial Com.* 298 Ill. 532; *Bushnell* v. *Industrial Board,* 276 Ill. 262.) The first cases hold only that a failure to comply with section 24 will defeat recovery where that failure was pointed out in a timely fashion. And as to the latter group of cases, whatever the rule may be with respect to the failure to give initial notice or to make proper demand for compensation, consistency in this area of the law and the language of section 24 require a different rule as to the filing of an application for compensation where proper notice and demand for compensation have been given.

Initially, we note that the statutory treatment afforded the three statutory prerequisites (1) notice of injury, (2) claim for compensation, and (3) application for compensation, is not the same. While the statute provides that "No proceedings for compensation under this Act shall be maintained unless" notice is given and claim is made within

the statutory periods, the effect of the failure to file a timely application is stated in these words: "the right to file such application shall be barred." This is the language of limitations, not of jurisdiction.

Several cases suggest that the statutory prerequisite of the filing of an application can be waived. Thus, in *Tribune Co.* v. *Industrial Com.* 290 Ill. 402, it appears that claimant sustained an injury to his left knee on August 23, 1915, and received compensation for but two months. Eighteen months after his accident, claimant and the employer entered into a settlement contract which the commission confirmed. On July 23, 1918, the employee filed a petition for review with the commission alleging that his injury had recurred and increased and had produced derangement of the hip and other injuries. The commission made an award in favor of the employee. The employer contended that the commission was without jurisdiction to entertain or to approve the claim because the employee had not filed a claim for compensation within six months after the injury; that, the claim for compensation not having been filed within the time prescribed by section 24 of the Workmen's Compensation Act, the commission was without jurisdiction, sixteen months after the last voluntary payment by it, to approve the voluntary settlement award, and that approval of that award in March, 1917, did not give jurisdiction to the commission under section 19(h). Described differently, the employer's point was that the agreement for the settlement award in March, 1917, specifically stated that the settlement was made after jurisdiction had been lost under the statute; that the settlement by the employer was purely voluntary on its part and not required by the act; and that, in consequence, the settlement did not give the commission jurisdiction. To the employer's contention, this court answered: "By the settlement agreement both parties submitted to the jurisdiction of the Industrial Commission on the merits of the case, and the conclusion neces-

sarily follows that they waived jurisdiction as to the time limitation with reference to voluntary payment, even though the agreement stated to the contrary. It is clear from the wording of the Workmen's Compensation Act that the employer can waive the question of time as to when the claim shall be filed. Section 24 of said act specifically so provides, and some of the decisions already cited show that it has been so held. We do not agree with the argument of counsel that the question of the time when the application was filed is one of jurisdiction of the subject matter rather than jurisdiction of the person." In the *Tribune Co. case* no application for compensation was filed with the commission. In the case at bar, notice and demand were made within the time limits. The amendment to correct the date of the accident stated in the application, made after one year from the date of the accident, was not objected to and not only did the hearing proceed without objection and with dispatch but the employer participated in the hearing upon the merits. See, also: *Consumers Co.* v. *Industrial Com.* 315 Ill. 592; *Garden City Foundry Co.* v. *Industrial Com.* 307 Ill. 76.

An analogous situation was presented in *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462, where the employer's petition for review of the arbitrator's decision was filed with the commission in apt time but the stenographic report required by section 19 was not filed within the time prescribed. Section 19, to the extent pertinent, provided: "Unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of said decision, file with the board either an agreed statement of the facts * * * or * * * a correct stenographic report of the proceedings * * *, then the decision [of the arbitrator] shall become the decision of the industrial board." (Hurd's Stat. 1917, chap. 48, par. 144(b). Claimant contended in this court that the commission lacked jurisdiction to review the arbitrator's deci-

sion because of the failure to file a timely agreed statement of facts or stenographic report before the commission, and that, in consequence, the arbitrator's decision should be deemed final. Rejecting the contention, this court held that the claimant, by participating in the proceeding upon review, waived all right to challenge the jurisdiction of the commission, observing: "Counsel for defendant in error have presented this question upon the theory that the commission had no jurisdiction of the subject matter of this suit. This theory is entirely erroneous."

Here, not only was no objection interposed but the employer proceeded to resist the claim upon its merits. By contesting the claim before the arbitrator to the point of an award without objecting in any manner to the right of the arbitrator to hear the application and to render a decision, the employer waived the question of limitations upon which it now insists. As stated in the *Pocahontas case*, "that all objections to irregularities as to process or as to the manner in which the suit was brought before the court are waived if not properly raised in that court before appearance, has been many times applied by this court to proceedings of the Industrial Commission on review of the award of an arbitrator." *Murphy* v. *Industrial Com.* 408 Ill. 612, is to the same effect. We conclude that the employer waived his right to object to the late filing of the application for compensation.

On the merits, the employer contends that there was no causal connection between any accident occurring during the course of claimant's employment and the disease of osteomyelitis from which he suffered. Its argument is that osteomyelitis is a disease of the marrow of the bone resulting from the introduction of a virus in the bloodstream; that the virus results from an infectious disease or any infectious disease condition within the body in which germs causing osteomyelitis may originally arise or be produced, or an external wound, provided that the

wound involves a laceration of the skin; that there was no laceration of the skin on claimant's head at or near the place where he bumped it against the top of the express van on November 26, 1947; that the osteomyelitis was not caused by the bump on November 26, 1947, and that by August 20, 1948, the osteomyelitis had already reappeared. On the other hand, claimant directs attention to Dr. Oldberg's testimony in which he expressed the opinion that a bump without any open wound or laceration might have created conditions conducive to the development of osteomyelitis at that particular point from any organism that might already be in the body. Whether an open wound is necessary for the development of osteomyelitis from traumatic injury makes but little difference here where the evidence amply discloses that claimant suffered an open laceration on August 20, 1948. Dr. Christie testified that infection first developed in claimant's skull about December 8, 1948, almost four months after the injury, and that beginning osteomyelitis was indicated in early January, 1949. Dr. Christie expressed the opinion, based upon his examination and treatments, that claimant's condition of disability was directly attributable to the injury of August 20, 1948. The fact that claimant's physical condition subsequent to his first injury may have predisposed him to further injury was not a bar to his claim for compensation where, as here, his employer accepted him as an employee in such condition. (*Marsh* v. *Industrial Com.* 386 Ill. 11; *Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498.) Where expert witnesses disagree, courts will not undertake to determine with technical accuracy where the preponderance of the evidence lies, for that determination is preeminently a function of the Industrial Commission. (*J. I. Case Co.* v. *Industrial Com.* 378 Ill. 132; *Chicago, Wilmington & Franklin Coal Co.* v. *Industrial Com.* 400 Ill. 60.) It is the province of the Industrial Commission to draw reasonable conclusions and inferences from evidentiary

facts, and the courts do not set aside a decision of the Industrial Commission upon a finding of fact, unless its decision is manifestly against the weight of the evidence. *Quaker Oats Co.* v. *Industrial Com.* 414 Ill. 326.

We repeat the observations made in *Boutwell* v. *Industrial Com.* 408 Ill. 11, 17-18, "When opinions of the medical witnesses are conflicting, it is difficult for lay opinions to determine with the requisite nicety upon which side the weight of the evidence falls. * * * The court will not undertake to decide where the preponderance of the evidence lies or which medical experts are more worthy of belief, and will not substitute its judgment for that of the commission unless the decision of the commission is clearly and manifestly contrary to the weight of the evidence."

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*