(No. 40100.—

NORTHWESTERN STEEL & WIRE COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLES L. TERRY, Appellee.)

*Opinion filed March 29, 1967.*

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago, (DOUGLAS F. STEVENSON, DANIEL P. SOCHA, and PAUL NOLAND, of counsel,) for appellant.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (JASON GESMER and ALTON SHARPE, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Respondent, Northwestern Steel & Wire Company, prosecutes this appeal from an order of the circuit court of Whiteside County affirming a decision of the Industrial Commission awarding compensation to claimant, Charles L. Terry.

Claimant filed an application with the Industrial Commission on January 7, 1964, stating that he had "injured back and lower extremities while at work." He received a hearing on his claim and a decision was issued by the arbitrator on October 23, 1964, awarding compensation to him. This decision and award of the arbitrator was received by employer-respondent and the claimant on October 24, 1964, and receipt was acknowledged by them as shown in the records kept by the Industrial Commission.

On November 10, 1964, claimant filed a petition for review of the arbitrator's decision with the commission. Subsequently, on November 17, 1964, respondent also filed a petition for review with the commission. Both parties were given extensions of time by the commission to file Transcript of Proceedings on Arbitration, as required by statute. Then, on January 11, 1965, claimant made a motion, accompanied by a supporting affidavit, to dismiss re-

spondent's petition for review on the grounds that it was not filed within 15 days of receipt of the arbitrator's decision as prescribed by section 19(b) of the Illinois Workmen's Compensation Act. Ill. Rev. Stat. 1965, chap. 48, par. 138.19(b).

On March 1, 1965, a hearing was had before a commissioner who dismissed respondent's petition for review for failure to file within the statutory 15-day period. However, the commissioner denied claimant's oral motion to dismiss his own petition for review and set oral argument on the review for April 23, 1965, before the entire commission.

Prior to the date set for oral argument, claimant filed a written motion to dismiss his own petition for review together with a statement of authorities. At the subsequent hearing claimant argued only the jurisdictional issue of respondent's failure to file its petition for review in apt time. The Industrial Commission sustained and affirmed the decision of the arbitrator and ordered it to stand as the decision of the commission. Its decision was affirmed by the circuit court from which judgment this appeal is taken.

On review, respondent raises contentions with respect to the merits of the case. Claimant reiterates his contention that respondent's "failure to file a petition for review within the time provided by the Workmen's Compensation Act caused the decision of the arbitrator to become the decision of the Industrial Commission and conclusive." Claimant further contends that his own timely petition for review does not confer review jurisdiction upon the commission since he had the right to withdraw his petition and he timely asserted this right.

If claimant's contentions are correct a consideration of the factual evidence introduced at the hearing before the arbitrator would be immaterial since the employer would be barred procedurally from prosecuting a review of that

decision. We, therefore, turn to an examination of the jurisdictional issue advanced by claimant.

Section 19(b) of the Illinois Workmen's Compensation Act provides in pertinent part: "Unless a petition for review is filed by *either party* within 15 days after the receipt by said party of the copy of said decision and notification of time when filed   *   *   *   then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." (Emphasis added.)

We have held that the right of review of the arbitrator's decision is entirely statutory; that the procedural steps with respect to perfecting this right must be followed strictly, and that failure to comply with these procedural steps, specifically the 15-day limitation on filing, results in a loss of the right to review. (*Cooke* v. *Industrial Com.* 340 Ill. 309.) The record discloses that respondent filed its petition for review on November 17, 1962, 22 days after its receipt of the arbitrator's decision. Since this is clearly outside the statutory time limitation for filing, respondent cannot obtain review unless it can properly base jurisdiction for review upon claimant's timely petition for review.

Accordingly, respondent argues that the relevant statute, section 19(b), "plainly says that if *either* party files a petition for review within 15 days, the Commission has jurisdiction to review its arbitrator's decision." Respondent further argues that when claimant filed within the 15 days, the commission at that instant acquired jurisdiction to review, which jurisdiction it never relinquished, thereby making a review on the merits proper here. On the other hand, claimant again urges that he had the right to dismiss his own petition for review; that he effectively exercised this right by means of proper oral and written motions, and that this exercise of his right divested the commission of jurisdiction to review the arbitrator's decision.

We agree with claimant's contention. In *Brewerton Coal*

*Co.* v. *Industrial Com.* 324 Ill. 89, we held that in compensation cases the same rules of legal procedure are applied as are applied in analogous cases in courts of law and that, specifically, with regard to the dismissal of a petition for review, the petitioner has the right to dismiss his petition on his own motion unless its dismissal prejudices the opposing party. In the case at bar, respondent was not prejudiced by claimant's motion to dismiss his (claimant's) petition since it had the right to file its own petition for review which it lost through its own inactivity. Hence, it is clear that the claimant herein had the right to dismiss his own petition for review.

However, respondent calls our attention to *Murphy* v. *Industrial Com.* 408 Ill. 612, a case involving similar facts and contentions as the case at bar, and particularly to the following language of that opinion: "While defendant in error may have had the right to dismiss its petition for review, as held in *Brewerton Coal Co.* v. *Industrial Com.* 324 Ill. 89, the record does not disclose that its motion to dismiss such proceedings was ever acted upon by the commission, and the question was not preserved for review by the court. The Industrial Commission acquired jurisdiction to review the case upon the filing of the petition for review and we find nothing in the record which has operated to divest that jurisdiction."

Respondent argues that this language is dispositive of the instant action since it alleges that herein the commission did not act on claimant's motion to dismiss.

We do not find that the foregoing language in *Murphy* is applicable here. In *Murphy* the party seeking to dismiss its own petition participated in a hearing on the merits before the commission subsequent to its motion to dismiss without ever renewing its motion, thereby waiving its right to dismiss its petition. No such waiver occurred in the instant case. Claimant made a motion to dismiss his petition on January 11, 1965, prior to the hearing before the com-

missioner, and continued to assert this motion, both orally and in writing, at the hearing before the commissioner on March 5, 1965, and before the full commission on April 23, 1965. Although it is unclear from the record whether the commission did take action on claimant's motion to dismiss his petition, there is no evidence in the record that claimant ever argued any point other than the propriety of his motion at any stage of the proceedings after the arbitrator's decision. Thus, the *Murphy* case, involving as it did the fact of waiver, is clearly distinguishable on its facts from the case before us and its holding is not binding herein. However, to the extent that *Murphy* announces the proposition that the Industrial Commission can, once a good petition for review is filed, retain review jurisdiction by failing to act on a proper motion to dismiss the petition, it is hereby overruled.

· We find that claimant effectively exercised his right to dismiss his own petition for review; that·upon such exercise the commission lost jurisdiction to review the case, and that, accordingly, we also are not empowered to review the merits of the case. Hence, the decision of the arbitrator awarding compensation to claimant becomes the decision of the commission and is conclusive in accordance with the dictates of section 19(b) of the Illinois Workmen's Compensation Act.

*Appeal dismissed.*