(No. 47601.—

HENRY BALDOCK, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Ogden & Sargent Concrete Contractors, Appellee.)

*Opinion filed March 29, 1976.*

Warren D. Danz, of Peoria, for appellant.

Armstrong, Winters, Prince, Tenney, Featherstun & Johnson, of Decatur (Roswell C. Prince, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Henry Baldock, appeals from the judgment of the circuit court of Macon County confirming the decision of the Industrial Commission denying him compensation and dismissing his application for adjustment of claim. Following a hearing an arbitrator for the Industrial Commission rendered a decision finding that petitioner's application for adjustment of claim "was not filed within the statutory period of one year from date of accident, to wit: September 5th, 1969, or within one year from date of last payment of compensation, as provided in Section 6 of said Act, as amended," denied the claim for compensation and dismissed the application. On review the Industrial Commission affirmed the decision. On *certiorari* the circuit court confirmed the decision of the Industrial Commission, and this appeal followed. Rule 302(a).

On September 5, 1969, while employed by respondent Ogden & Sargent Concrete Contractors, petitioner was accidentally injured. He was paid temporary total compensation. The last payment was made by check dated October 29, 1969, mailed from the office of an insurance agency in Decatur on October 31, 1969, and addressed to petitioner at his home in Ramsey, approximately 50 miles away. The application for adjustment of claim was filed on November 16, 1970.

When the case was called for hearing before the arbitrator, counsel for respondent requested permission to interrogate petitioner. On inquiry counsel declined to reveal the nature of the proposed interrogation, and the request was denied. Petitioner was then sworn, counsel renewed the request, and it was again denied. Petitioner testified, and on cross-examination respondent's counsel

inquired concerning the receipt of several payments of temporary total compensation and the approximate length of time which ordinarily elapsed between the mailing of a letter in Decatur and its receipt in Ramsey. At that point respondent filed a written motion to dismiss the application for adjustment of claim on the ground that it was filed more than one year after the date of the accident and more than one year after the date of the last payment of compensation and was "barred in accordance with the statute of limitations, as set forth in Chapter 48, Section 138.6, Illinois Revised Statutes 1969."

Section 6(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.6) in pertinent part provided:

> "In any case, *** unless the application for compensation is filed with the Commission within 1 year after the date of the accident, where no compensation has been paid, or within 1 year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred."

The effective date of the last payment of compensation was the date on which the check was delivered to petitioner. (*Consolidated Freightways v. Industrial Com.* (1971), 48 Ill.2d 221.) Although there is testimony in the record which indicates that there could have been some delay in the delivery of the check to petitioner, the finding that the application was not filed within one year from the date of the last payment is not contrary to the manifest weight of the evidence.

The parties are in agreement that the defense of limitations can be waived. (*Railway Express Agency v. Industrial Com.* (1953), 415 Ill. 294.) Petitioner contends that by participating in the hearing and in not raising the question of limitations until its cross-examination of petitioner, respondent waived the defense. Respondent contends that neither the Workmen's Compensation Act nor the rules of the Industrial Commission required that a written motion be filed prior to the hearing; that it had no

means to discover the evidence essential to its defense until its cross-examination of petitioner; and that the information elicited on cross-examination established the factual basis for its defense. The parties are not in agreement as to the accuracy of the transcript insofar as it sets forth the pre-hearing stipulation into which they entered, and respondent's counsel refused to authenticate the transcript.

Although the question of when waiver of the defense of limitations occurs would appear to be quite simple, its difficulty is demonstrated by the fact that, in support of their respective positions, the parties cite the same authorities. (See *Lake State Engineering Co. v. Industrial Com.* (1964), 31 Ill.2d 440; *Railway Express Agency v. Industrial Com.* (1953), 415 Ill. 294; *Pocahontas Mining Co. v. Industrial Com.* (1922), 301 Ill. 462; *Tribune Co. v. Industrial Com.* (1919), 290 Ill. 402.) The rule, if any, which can be distilled from these cases is that whether there has been a waiver of limitations depends upon the particular facts of the case.

It is obvious that prior to the hearing respondent sought to interrogate petitioner concerning the matters subsequently elicited during cross-examination. Following the filing of the motion to dismiss, all testimony adduced by either party before the arbitrator, and on review, concerned the manner and date of the mailing of the check and the length of time necessary for, and the delays encountered in, its delivery. Perhaps there are situations where the question of waiver is one of law, but on this record the question whether respondent waived its defense under section 6(c) of the Workmen's Compensation Act was one of fact for the Industrial Commission. In deciding the question the Industrial Commission was required to take into consideration the disputed stipulation and the conduct of the parties both before and after the motion to dismiss was filed. We are not prepared to say that its finding that there was no waiver was contrary to the

manifest weight of the evidence. The judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*