NANCY ESCHBAUGH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Continental Bondware, Appellee).

Fifth District   No. 5—96—0071WC

Opinion filed December 30, 1996.—Rehearing denied March 26, 1997.

Warren E. Danz and Richard G. Leiser, both of Peoria, for appellant.

Robert A. Hoffman, of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Nancy Eschbaugh (claimant) appeals from the judgment of the circuit court confirming the decision of the Industrial Commission (Commission), which dismissed claimant's petition to review an award providing for compensation in installments pursuant to section 19(h) of the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1994)). Section 19(h) states in pertinent part that an agreement or award under the Act providing for compensation in installments "may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." 820 ILCS 305/19(h) (West 1994). Finding that claimant's petition was not timely filed within the 30-month period, the Commission dismissed the petition for lack of subject matter jurisdiction.

It is undisputed that claimant's petition to review an award under section 19(h) of the Act was not timely filed. However, claimant contends the Commission did not have the power to dismiss the petition *sua sponte*, where neither claimant nor Continental Bondware (employer) objected to the Commission's subject matter jurisdiction to conduct a hearing pursuant to section 19(h) of the Act. The precise issue we address is whether the time limitation set forth in section 19(h) is jurisdictional or a statute of limitations.

■ There is an important distinction between a limitations provision that is statutory and one that is jurisdictional. A statute of limitations is procedural in nature, affecting a plaintiff's remedy only, but it does not alter substantive rights. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 209 (1985). It merely gives a time limit within which legal action shall be brought, with the time beginning when the action has accrued or ripened. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 209. A statute of limitations is an affirmative defense that may be waived by the parties and is open

to pleas of estoppel. *Pantle v. Industrial Comm'n*, 61 Ill. 2d 365, 367 (1975). In workers' compensation cases, statutes of limitations are designed to assure fairness to employers by protecting against claims that are too old to be successfully investigated and defended. *Goodson v. Industrial Comm'n*, 190 Ill. App. 3d 16, 19 (1989).

In contrast, a statute that creates substantive rights unknown at common law and makes time a component part of the rights created is not a statute of limitations. Rather, the prescribed time period is viewed as a condition precedent to the plaintiff's right to seek a remedy and is deemed jurisdictional. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 209-10. A jurisdictional limitations period is an absolute requirement; it is not an affirmative defense that is subject to waiver or estoppel.

■ The Act itself creates substantive rights, unknown to the common law, pursuant to which employees may recover compensation from their employers for accidental injuries or death suffered in the course of employment. 820 ILCS 305/1 *et seq.* (West 1994). The Act also prescribes certain time periods within which employees must enforce those rights by filing notices of claims and petitions to recover benefits. 820 ILCS 305/6(c), (d) (West 1994). The 45-day notice-to-employers provision found in section 6(c) of the Act is deemed jurisdictional (*Ferguson v. Industrial Comm'n*, 397 Ill. 348, 351 (1947); *Ristow v. Industrial Comm'n*, 39 Ill. 2d 410, 413 (1968)), whereas the time period for filing an application for compensation pursuant to section 6(d) of the Act is considered a statute of limitations that is subject to waiver and estoppel. *Tegeler v. Industrial Comm'n*, 173 Ill. 2d 498 (1996); *Baldock v. Industrial Comm'n*, 63 Ill. 2d 124, 126 (1976); *Pantle v. Industrial Comm'n*, 61 Ill. 2d 365, 367 (1975); *Railway Express Agency v. Industrial Comm'n*, 415 Ill. 294, 299 (1953). Section 6(d) of the Act is viewed differently, arguably because the effect of the failure to file a timely application is stated in these words: "the right to file such application shall be barred." 820 ILCS 305/6(d) (West 1994). This is language of limitations, not of jurisdiction. *Railway Express Agency*, 415 Ill. at 299. Be it noted, however, that the limitations period of section 6(d) has also been considered a jurisdictional requirement and a condition precedent to maintaining an action under the Act. *Black v. Industrial Comm'n*, 393 Ill. 187, 193 (1946); *Creel v. Industrial Comm'n*, 54 Ill. 2d 580, 588 (1973) (Davis, J., dissenting). Remarkably, Illinois courts have not squarely addressed the conflict surrounding section 6(d) of the Act. In fact, the divergent cases cited above do not even acknowledge one another.

In addition to the preaward limitations periods set forth in sections 6(c) and 6(d) of the Act, the Act also contains limitations periods

that preclude review of awards beyond the statutory time periods. 820 ILCS 305/19(b), (f) (West 1994). The cases are legion that hold that the failure to strictly comply with sections 19(b) and 19(f) of the Act deprives the Commission and the courts of subject matter jurisdiction. *Northwestern Steel & Wire Co. v. Industrial Comm'n*, 37 Ill. 2d 112, 115 (1967) (section 19(b), petition for review of arbitrator's decision to Commission); *Mattern v. Industrial Comm'n*, 216 Ill. App. 3d 653, 654 (1991) (same); *Wiscons v. Industrial Comm'n*, 176 Ill. App. 3d 898, 899 (1988) (same); *Garcia v. Industrial Comm'n*, 95 Ill. 2d 467, 469 (1983) (section 19(f), correction of clerical errors); *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 508-09 (1983) (section 19(f)(1), petition for review of Commission's decision to circuit court); *Perusky v. Industrial Comm'n*, 72 Ill. 2d 299, 301-02 (1978) (same); *Frank v. Industrial Comm'n*, 276 Ill. App. 3d 214, 216-18 (1995) (same); *Fisher v. Industrial Comm'n*, 231 Ill. App. 3d 1061, 1064 (1992) (same); *Fortson v. Industrial Comm'n*, 184 Ill. App. 3d 794, 795-96 (1989) (same); *Sprinkman & Sons Corp. v. Industrial Comm'n*, 160 Ill. App. 3d 599, 600-01 (1987) (same).

Finally, section 19(h) of the Act, at issue here, grants the Commission continuing jurisdiction over compensation claims for a prescribed period of time. This provision allows an agreement or award providing for compensation in installments to be reviewed by the Commission at the request of either party for change of disability of the employee at any time within 30 months after such agreement or award. 820 ILCS 305/19(h) (West 1994). At least one Illinois case has viewed this 30-month time limitation as jurisdictional. See *Ruff v. Industrial Comm'n*, 149 Ill. App. 3d 73 (1986).

In *Ruff*, the petitioner argued the respondent waived the issue of subject matter jurisdiction by failing to contend the Commission lacked jurisdiction to hear the section 19(h) petition because it was not timely filed. The court noted that the respondent's jurisdictional claim was not waived, even though it was first presented before the circuit court during its review of the Commission's denial of the section 19(h) petition. *Ruff*, 149 Ill. App. 3d at 78. The court found, however, that the petitioner filed a timely section 19(h) petition and, thus, the Commission had proper jurisdiction to hear his claim. *Ruff*, 149 Ill. App. 3d at 78.

The view espoused in *Ruff*, that the time limitation of section 19(h) is jurisdictional, has case law support from other states. See *Selden v. Workers' Compensation Appeals Board*, 176 Cal. App. 3d 877, 222 Cal. Rptr. 450 (1986) (statutory time limit for filing a petition to increase award is jurisdictional); *Budget Luxury Inns, Inc. v. Boston*, 407 So. 2d 997 (Fla. App. 1981); *Garza v. W.A. Jourdan, Inc.*,

91 N.M. 268, 572 P.2d 1276 (N.M. App. 1977) (limitations period is jurisdictional and cannot be waived); *Manrose v. Miami Shipbuilding Corp.*, 23 So. 2d 733 (Fla. 1945); *Tischer v. City of Council Bluffs*, 3 N.W.2d 166 (Iowa 1942). Moreover, this view comports with the expression of our supreme court that there is no sound reason to enlarge the period of time during which review may be had under section 19(h) of the Act. *Cuneo Press, Inc. v. Industrial Comm'n*, 51 Ill. 2d 548, 549-50 (1972); *Greenway v. Industrial Comm'n*, 73 Ill. 2d 273, 276-77 (1978).

■ While we must acknowledge that section 19(h) of the Act is remedial legislation that should be construed liberally to allow review of awards for change in disability (*Hardin Sign Co. v. Industrial Comm'n*, 154 Ill. App. 3d 386, 389 (1987)), a liberal construction does not mean the Commission may disregard limitations provisions of the Act. The purpose of section 19(h) of the Act is to set a period of time in which the Commission may consider whether an injury has recurred, increased, decreased, or ended. *Checker Taxi Co. v. Industrial Comm'n*, 343 Ill. 139, 144 (1931). The power of the Commission to review an award comes from the Act itself, which creates the Commission's authority and fixes the time when such authority must be exercised. *Notman v. Industrial Comm'n*, 219 Ill. App. 3d 203, 205 (1991). The Commission, as an administrative, nonjudicial body, has no presumption in favor of jurisdiction, and through section 19(h), the legislature confined the Commission's authority to review an award for change of disability to a 30-month period. To permit review beyond the statutory period would bypass this statutory restriction and override the plain meaning of the Act.

Therefore, after examining the history and purposes of the limitations period on review of awards under section 19(h) of the Act, we are compelled to hold that the time provision set forth in section 19(h) of the Act is jurisdictional. To hold otherwise would be akin to "judicial legislation by judgment" (see *Michelson v. Industrial Comm'n*, 375 Ill. 462, 467 (1941)) and detrimental to the strong Illinois precedent holding that time limitations of the Act are jurisdictional.

■ Having concluded that the time provision of section 19(h) is jurisdictional, we can readily dismiss claimant's contentions that employer consented to the jurisdiction of the Commission by executing a section 19(h) proceeding stipulation form and waived the limitations period by partaking in a hearing on the merits of claimant's section 19(h) petition. It is well settled that the issue of subject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties. *Michelson*, 375 Ill. at 469-70; *Taylor v. Industrial Comm'n*,

221 Ill. App. 3d 701, 703-04 (1991); *Swope v. Northern Illinois Gas Co.*, 221 Ill. App. 3d 241, 243 (1991); *Ruff*, 149 Ill. App. 3d at 78; *Mitchell v. Industrial Comm'n*, 148 Ill. App. 3d 690, 694 (1986). It can be raised at any time and even *sua sponte* when necessary. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 509 (1983); *West v. Industrial Comm'n*, 238 Ill. App. 3d 445, 446 (1992); *Taylor*, 221 Ill. App. 3d at 703; *Walsh v. Central Cold Storage Co.*, 324 Ill. App. 402, 419 (1944).

We find that claimant's reliance on *Murphy v. Industrial Comm'n*, 408 Ill. 612 (1951), is misplaced. In *Murphy*, the Commission had properly obtained jurisdiction by a petition filed within the time allotted by the Act to review the arbitrator's decision. *Murphy*, 408 Ill. at 615. The court held that the Commission did not lose jurisdiction by a delay in filing the transcript of proceedings six days late, where the parties appeared before the Commission and did not object to its jurisdiction. *Murphy*, 408 Ill. at 615.[1] *Murphy* is distinguishable from the case *sub judice*, where the Commission never had jurisdiction to begin with because no timely petition was ever filed. Accordingly, the Commission could not be conferred with subject matter jurisdiction by the conduct of the parties. See *Mitchell v. Industrial Comm'n*, 148 Ill. App. 3d 690, 695 (1986) (holding that a court may not be conferred with subject matter jurisdiction that is otherwise absent).

In sum, we hold that the statutory limitations period of section 19(h) of the Act is a jurisdictional requirement that may be raised at any time and even *sua sponte* by the Commission. It is an absolute and unconditional restriction on the right of review. As such, the Commission is necessarily divested of its review jurisdiction for change of disability 30 months after agreement or award of compensation. There being no question that claimant petitioned for review of an award beyond the time prescribed by section 19(h) of the Act, the Commission had no jurisdiction to review the award. Accordingly, we affirm the dismissal of claimant's petition for lack of jurisdiction.

Affirmed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RARICK, JJ., concur.

---

[1]*Murphy* has been overruled to the extent it stands for the proposition that the Commission can, once a proper petition for review is filed, retain review jurisdiction by failing to act on a motion to dismiss a petition for review. *Northwestern Steel & Wire Co. v. Industrial Comm'n*, 37 Ill. 2d 112, 117 (1967).