(No. 12744.—Judgment affirmed.)

THE BIG MUDDY COAL AND IRON COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OWEN PURVIS, Plaintiff in Error.)

*Opinion filed October 27, 1919.*

1. APPEALS AND ERRORS—*appeal or writ of error does not vacate judgment.* A review by appeal or writ of error is not a trial *de novo* but is a hearing for the correction of errors found to exist in the record, and the taking of an appeal or writ of error does not, of itself, vacate a judgment.

2. WORKMEN'S COMPENSATION—*a writ of error does not vacate award.* A review by writ of error in the Supreme Court does not vacate the award of the Industrial Commission pending the decision on review.

3. SAME—*right to review award on ground that disability has increased or diminished is not affected by writ of error.* The right of either party in a compensation case to file application for a review of an award on the ground that the disability has increased or diminished is not held in abeyance by the pendency of a writ of error, as such right does not depend upon whether or not the award is enforceable at the time of filing the application for review, except in cases where there has been a final determination of the Supreme Court quashing the award.

4. SAME—*when time for filing an application for review under paragraph (h) of section 19 of the Compensation act begins to run.* The purpose of paragraph (h) of section 19 of the Workmen's Compensation act is to fix a period of time in which it may be determined whether the injuries received have recurred, increased or diminished, and the fact that a writ of error is pending in the Supreme Court to review the award does not affect the running of the period of eighteen months, which begins at the time the award is entered.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

GEORGE R. STONE, for plaintiff in error.

CHARLES E. FEIRICH, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiff in error was injured February 16, 1915, while in the employment of the defendant in error. Both parties were under the Workmen's Compensation act of Illinois and the injury arose out of and in the course of the employment. An award was entered in favor of plaintiff in error on June 15, 1915, which was heard on review by the Industrial Commission and by it affirmed. Within the twenty days prescribed by the statute the cause was taken to the circuit court of Williamson county by *certiorari*, which court on December 8, 1916, quashed the writ of *certiorari* and confirmed the decision of the Industrial Commission. Thereupon the defendant in error by writ of error brought the cause to this court to the April term, 1917, in which court an opinion was filed on the 21st of June, 1917, affirming the judgment of the circuit court. The decision of the Supreme Court is entitled *Big Muddy Coal and Iron Co.* v. *Industrial Board*, 279 Ill. 235. On July 31, 1917, the plaintiff in error filed with the Industrial Commission his petition under paragraph (*h*) of section 19 to review the decision of the Industrial Commission on the ground that his disability had increased. On the hearing on this petition the defendant in error moved to dismiss said petition for the reason that such petition was not filed within eighteen months after the award in the said cause. This motion was taken by the commission and considered with the evidence supporting the petition. On December 24, 1917, the commission found that the disability of the plaintiff in error had increased on the 31st day of July, 1917, as a result of which plaintiff in error was then totally permanently incapacitated for work, and it increased his compensation accordingly. The defendant in error by *certiorari* brought the cause before the circuit court of Williamson county, which court quashed the record and set aside the decision of the Industrial Commission and certi-

fied that the cause was proper to be reviewed by the Supreme Court.

The only question presented to this court is whether or not the eighteen months' period for filing the petition for increased disability under paragraph (*h*) of section 19 began to run at the date of the award of arbitration or at the time the opinion of the Supreme Court was filed, June 21, 1917. It is contended by the plaintiff in error that the issues joined when this cause was before this court were such as to make the award undetermined and the rights of the plaintiff in error pending until those issues were finally determined by this court on June 21, 1917, and for that reason the petition in the case was filed within the eighteen months provided for by the statute in question.

Paragraph (*h*) of section 19 of the Workmen's Compensation act of 1915 provides as follows: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be reestablished, increased, diminished or ended."

It is contended by the plaintiff in error that when a writ of error is sued out of this court the effect is to hold the award in abeyance until a decision of the cause in this court, and that until such decision there is no award. It becomes necessary, therefore, to determine the effect of the writ of error upon the question whether or not an award had been made and should be treated as an award of the Industrial Commission from the date of its entry by the commission. In this respect the award of the commission is similar to a judgment. It is the rule in this State that a review in a court of appeal by appeal or writ of error is not a trial *de novo* but is a hearing for the correction of

errors found to exist in the record. (*Peoria County* v. *Gordon,* 82 Ill. 435.) The taking of an appeal or writ of error does not, of itself, vacate a judgment. (*Curtis* v. *Root,* 28 Ill. 367.) We are of the opinion that a review by writ of error in this court does not vacate the award pending decision here.

It is contended that the provision in paragraph (*h*) of section 19 of the Workmen's Compensation act allowing the filing of an application of review of the award within eighteen months is a statute of limitation; that the award cannot be said to be an award until the final judgment of this court determining the question involved in the case concerning the matter, particularly where the defense is that there is no valid claim on the part of the employee. It is urged that as the employee is unable to obtain any benefit from the award until such final determination, such period of limitation should be held analogous to the Statute of Limitations relating to judgments, which does not begin to run until the right of action on the judgment accrues. There is, however, a distinction between the statute allowing eighteen months for filing an application for review and the statute relating to actions on judgments. In the latter case the statute does not commence to run until the right of action on such judgment accrues, for the reason that until such time as the party having the benefit of the judgment has the right to lay claim to that benefit he can not be required to take any action to enforce such benefit. The law will not require the doing of a useless act. The right to file application for review of an award accrues as soon as an award is made and is not held in abeyance by appeal or writ of error, nor is that right affected by it. The right of either party in compensation proceedings *to* file application for review of an award does not in any way depend upon whether or not the award, if an award has been made, is at the time of the filing of such application enforceable or is being held in abeyance by appeal or

writ of error. In other words, the right to file an application for review does not depend upon whether or not the award made is enforceable at the time the application is filed, except in cases where there has been a final determination of this court quashing the award. The purpose of paragraph (h) of section 19 is to give a period of time in which it may be determined whether the injuries received recurred, increased or diminished. The processes of nature continue without regard to whether there is an appeal pending in the cause, and therefore the ground for an application for review may arise without regard to whether the cause is still pending on appeal. This period of time is eighteen months and extends from the time of the agreement or the award.

We have held that while the Workmen's Compensation act does not authorize the allowance of interest, yet under the Interest act an award bears five per cent interest on the amount due at the date of the award, and from that date on subsequent installments after they have respectively become due. It was held in *Chicago Traction Co.* v. *Industrial Board,* 282 Ill. 230, where, as in this case, a writ of error was sued out and the cause reviewed by this court, that interest on compensation installments were computed from the date of the award on installments then due and continued on subsequent installments from the time they became due. From this it will be seen that the date of the award, even in cases under review where such award is sustained, is the date when such an award is entered by the Industrial Commission. In cases where no award has been entered by the commission until after review by this court, the period of eighteen months for filing application for review of compensation begins to run when the commission enters an award on such reconsideration of the cause. This can work no hardship upon either the employee or employer, as either is at liberty to file application for review during

the eighteen months following the award of the commission even though the award is being attacked by writ of error.

We are therefore of the opinion that the circuit court did not err in vacating and setting aside the decision of the Industrial Commission made on review, under paragraph (h) of section 19.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*