(No. 23423.—

The City of Chicago, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Angelo Amodeo, Defendant in Error.)

*Opinion filed April 24, 1936.*

Barnet Hodes, Corporation Counsel, (Thomas A. Murphy, of counsel,) for plaintiff in error.

J. S. Cook, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here on petition for writ of error to review the judgment of the circuit court of Cook county vacating and setting aside a decision of the Industrial Commission. The only question in the case is one of construction of paragraph (h) of section 19 of the Workmen's Compensation act.

On April 28, 1931, the arbitrator to whom had been referred the claim of Angelo Amodeo for injuries received while in his employment with plaintiff in error, entered an award against the latter. On October 6, 1931, the Industrial Commission, after a hearing upon review, sustained the award of the arbitrator and directed that it stand as the award of the commission. Plaintiff in error paid compensation in accordance with the decision and order of the Industrial Commission until March 30, 1933. On April 6 following, it filed its petition under paragraph (h) of section 19 to review the award on the ground that Amodeo's disability had diminished or ended. On hearing, the Industrial Commission found the disability of Amodeo had ended on March 30, 1933, and ordered that compensation cease. On review the circuit court vacated the decision of the commission on the ground that plaintiff in error's petition under paragraph (h) of section 19 was filed after the expiration of the time provided by the Workmen's Compensation act for such petition, and that the commission had no jurisdiction to hear it. The circuit court also directed plaintiff in error to resume payment until the full amount of the award had been paid.

Paragraph (h) of section 19 provides, in part, as follows: "An agreement or award under this act providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Commission at the request of either the employer or the employee on the ground that

the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-established, increased, diminished or ended." The question before us is as to when the eighteen months' period for such review begins to run. Counsel for plaintiff in error argue that this period begins on the date of the decision of the Industrial Commission, while the defendant in error argues that the period begins to run from the date of the award of the arbitrator.

The plan provided by paragraph (a) of section 19 of the act for hearings on applications for compensation places upon the Industrial Commission, when it has been notified that the parties have failed to reach an agreement on disputed questions of law or fact, the duty to designate an arbitrator, or, in some instances not material here, to appoint a chairman of a committee of arbitration to whom the claim is referred for a hearing. Paragraph (b) of section 19 provides that the decision of the arbitrator shall be filed with the Industrial Commission, who shall immediately send to each of the parties or his attorney a copy of such decision, together with a notification of the time it was filed, and further notice that unless a petition for review is filed by either party within fifteen days after the receipt by such party of the copy of the decision and notification, and unless the party petitioning for review shall, within twenty days after receipt by him of the copy of the decision of the commission, file with that body either an agreed statement of facts appearing on the hearing before the arbitrator or a transcript of the evidence of the proceedings of such hearing the decision of the arbitrator shall become the decision of the commission and in the absence of fraud shall be conclusive. Paragraph (e) of section 19 provides that where a petition for review and agreed statement of facts or transcript of evidence are filed as provided by the act, the commission shall promptly review the decision of the arbitrator and all questions of law or fact

appearing from the statement of facts or transcript of evidence, and shall hear such additional evidence as the parties may submit, and shall, upon such hearing, file in its office its decision thereon, and immediately send to each party or his attorney a copy of such decision and notice of the time at which it was filed. Paragraph (f) of that section provides that the decision of the Industrial Commission, acting within its powers of such review, shall, in the absence of fraud, be conclusive, unless reviewed as provided in later sections of the act.

It seems quite clear from these sections of the act that it was the intention of the legislature that before an applicant for compensation becomes entitled to payment of any amount thereof, where there is no agreement, the award shall be made by a decision of the Industrial Commission. This decision may occur in one of two ways: (1) Where no petition for review of the decision of the arbitrator is filed with the commission within the time fixed by the statute. In such case, under paragraph (b) of section 19, the decision of the arbitrator shall "become the decision of the Industrial Commission." Here a review of the arbitrator's decision was sought and had before the commission, and this case does not come under paragraph (b). The second method by which an award or a decision becomes final is on hearing before the commission on a petition for review of the arbitrator's decision and where no review in the courts is sought in the manner prescribed by the act. There is nothing in the Workmen's Compensation act making the decision of the arbitrator the award of compensation. It is only when no review of that decision is sought that the decision of the arbitrator becomes the decision of the commission. Thus it is seen that it is the decision of the commission rather than of the arbitrator. The award, if there be such, is an award by the commission. The date of the award, therefore, must. be the date

when the award comes into actual existence by the decision of the commission.

Counsel for defendant in error cites *Big Muddy Coal Co.* v. *Industrial Com.* 289 Ill. 515, as authority for his contention that the eighteen months' period of limitation begins to run at the date of the decision of the arbitrator. The question in that case was not whether the period of limitation begins to run from the date of the decision of the arbitrator or from that of the decision of the Industrial Commission, but whether the eighteen months' period was tolled by proceedings of review in the courts. It is there held that the period of limitation runs from the date on which the award was entered by the Industrial Commission. In this case the decision of the arbitrator was entered on April 28, 1931. The decision of the commission was entered October 6, 1931, after review by that body. It seems clear that the period of limitation did not begin to run until October 16, 1931. The petition for review under paragraph (*h*) of section 19 having been filed April 6, 1933, was filed within the eighteen months' period provided by paragraph (*h*) of section 19. It follows that the judgment of the circuit court vacating and setting aside the decision of the commission on the ground of lack of jurisdiction in that body to hear the petition was erroneous.

As it is not contended that the record does not show that the disability of Amodeo ended March 30, 1933, as found by the commission, that question is not before us.

The judgment of the circuit court is reversed and the cause is remanded, with directions to confirm the decision of the Industrial Commission.

*Reversed and remanded, with directions.*