(No. 43785.—)

THE CUNEO PRESS, INC., Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Vincent J. Ventrice, Appellee.)

*Opinion filed May 22, 1972.*

CHARLES L. MICHOD, of Chicago, for appellant.

KENNETH S. LEWIS, of Chicago, and EDWARD J. KIONKA, of Champaign, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The respondent-employer, The Cuneo Press, Inc., appeals from the judgment of the circuit court of Cook County confirming the decision of the Industrial Commission in a proceeding filed by the petitioner-employee, Vincent J. Ventrice, under section 19(h) of the Workmen's Compensation Act (Ill.Rev.Stat. 1969, ch. 48, par. 138.19(h).) The record shows that on May 23, 1963, an arbitrator for the Industrial Commission awarded petitioner compensation for the permanent loss of 25% of the use of his left leg. On December 30, 1963, the award was affirmed by the Industrial Commission. On *certiorari,* on April 28, 1964, the circuit court confirmed the decision of the Industrial Commission and on January 21, 1965, we affirmed the judgment of the circuit court. 32 Ill.2d 153.

On May 4, 1967, petitioner filed his petition under section 19(h) alleging an increase in his disability. Respondent moved to dismiss the petition on the ground that it was not filed within 30 months of the date of the award of compensation by the Industrial Commission. The Commission denied the motion, heard evidence, found "that subsequent to the date of the decision of the Commission the disability of the petitioner has increased as the result of said accidental injuries, and said petitioner is now permanently and totally disabled ***." The circuit court confirmed the decision and respondent appealed.

It is respondent's contention that the petition under section 19(h) was not timely filed and we agree. The precise question here presented was considered by this court in *Big Muddy Coal and Iron Co. v. Industrial Com., 289 Ill. 515,* and it was held that the statutory limitation is not tolled by reason of judicial review of the award. In *City of Chicago v. Industrial Com., 363 Ill. 298,* it was held that the period of limitation begins to run from the date on which the award of the arbitrator is affirmed by the Industrial Commission.

We have considered the arguments of petitioner but adhere to our statement in *Big Muddy* that "The purpose of paragraph (h) of section 19 is to give a period of time in which it may be determined whether the injuries received recurred, increased or diminished. The processes of nature continue without regard to whether there is an appeal pending in the cause, and therefore the ground for an application for review may arise without regard to whether the cause is still pending on appeal." 289 Ill. 515, at 519.

We have also considered petitioner's argument that considerations of public policy require that we overrule the holding of *Big Muddy.* Section 19(h) provides that when the Industrial Commission orders that compensation payable in accordance with an award or settlement contract be paid in a lump sum the right of review under this section is terminated. In view of the fact that the right

of review provided is so easily terminated we are not persuaded that public policy requires judicial enlargement of the period during which the review may be sought.

Because of the decision on this issue we need not consider the other contentions of the parties, and for the reasons stated the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*