(No. 50193.—

LESTER GREENWAY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Fitz Simmons and Connell Dredge and Dock Division, Appellee.)

*Opinion filed November 22, 1978.*

Raymond C. Rose and Larry T. Frantz, of Peoria, for appellant.

Strodel & Kingery, of Peoria (Arthur R. Kingery and Edward R. Durree, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Holding that it was not filed within the time provided in the statute (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h)) the Industrial Commission dismissed the petition filed by petitioner, Lester Greenway, to review an award entered on December 28, 1973. On *certiorari* the circuit court of Peoria County confirmed the order and petitioner ap-

pealed (Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a))).

The record shows that on May 8, 1970, petitioner, Lester Greenway, was injured while in the course of his employment by respondent, Fitz Simmons and Connell Dredge and Dock Division. An application for adjustment of claim was filed with the Industrial Commission and a hearing was held. On December 28, 1973, the decision of the arbitrator was rendered, and on January 9, 1974, notice of that decision was sent by the Industrial Commission to petitioner's attorney. It was received by the attorney on January 14, 1974. No review was sought by either party.

On July 7, 1976, pursuant to section 19(h) of the Workmen's Compensation Act, petitioner filed a petition for review of the award. Section 19(h) in pertinent part provides:

"[A]s to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h).)

Holding that the date of the award was December 28, 1973, the Commission found that the section 19(h) petition was not timely filed and ordered it dismissed. On *certiorari* the circuit court of Peoria County confirmed, and this appeal followed.

Petitioner contends that under the provisions of section 19(b) of the Workmen's Compensation Act the date of the award was January 9, 1974, and that the petition filed under section 19(h) within 30 months of that date was timely filed. Section 19(b) in pertinent part provides:

"Unless a petition for review is filed by either party within 15 days after the receipt by such party of the copy of the decision and notification of time when filed, and unless such party petitioning for a review shall within 20 days after the receipt by him of the copy of the decision, file with the Commission either an agreed statement of the facts appearing upon the hearing before the Arbitrator or committee of arbitration, or if such party shall so elect a correct transcript of evidence of the proceedings at such hearings, then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b).)

It is the respondent's position that where no review was sought, it was clearly the legislative intent that the arbitrator's decision, including its date, be the decision of the Commission.

Although several prior cases have presented the question when the time for filing an application for review under paragraph (h) of section 19 of the Workmen's Compensation Act begins to run (*Big Muddy Coal & Iron Co. v. Industrial Com.* (1919), 289 Ill. 515; *City of Chicago v. Industrial Com.* (1936), 363 Ill. 298; *Cuneo Press, Inc. v. Industrial Com.* (1972), 51 Ill. 2d 548), this court has not previously considered the precise question here involved. It is clear from the statute that transforming the award of the arbitrator into the decision of the Commission requires no action by the Industrial Commission, and we have held that installments of workmen's compensation benefits, and interest, commence to accrue from the date of the award (*Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237). In view of the explicit statutory provision no reason appears why the date of the award, along with its other component parts, should not become a part of the decision of the Commission.

As we noted in *Cuneo Press, Inc. v. Industrial Com.* (1972), 51 Ill. 2d 548, section 19(h) provides that when the Industrial Commission orders that compensation payable in accordance with an award or settlement contract be

paid in a lump sum, the right of review under this section is terminated. In view of the fact that the right of review provided is so easily extinguished, we find no basis for a statutory interpretation which would serve to enlarge the period.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*