2016 IL App (4th) 150152WC

NO. 4-15-0152WC

Opinion filed: April 29, 2016

FILED
April 29, 2016
Carla Bender
4th District Appellate
Court, IL

_____

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION
_____

| | | |
|---|---|---|
| GERALD WEAVER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Macon County. |
| | ) | |
| v. | ) | No. 14 MR 446 |
| | ) | |
| THE ILLINOIS WORKERS' | ) | Honorable |
| COMPENSATION COMMISSION, *et al.* | ) | Thomas E. Little, |
| (Decatur Overhead Door, Appellee). | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Harris concurred
in the judgment and opinion.

**OPINION**

¶ 1    The claimant, Gerald Weaver, appeals the order of the circuit court of Macon
County confirming the decision of the Illinois Workers' Compensation Commission
(Commission) dismissing his petition for review under section 19(h) of the Workers'
Compensation Act (Act) (820 ILCS 305/19(h) (West 2012)) for lack of jurisdiction.  For
the reasons that follow, we affirm.

1

¶ 2                           BACKGROUND

¶ 3     On January 22, 2009, an arbitrator found that the claimant sustained accidental injuries arising out of and in the course of his employment with the employer, Decatur Overhead Door. The arbitrator awarded the claimant permanent partial disability benefits of $454.07 per week for 250 weeks based on her finding that the injuries sustained caused permanent disability to the extent of 50% loss of use of the person as a whole.

¶ 4     On February 23, 2010, a majority of the Commission affirmed and adopted the arbitrator's decision. The dissenting Commissioner thought that the award of 50% loss of use of the person as a whole was inadequate.

¶ 5     On January 13, 2011, the circuit court, on judicial review, found the Commission's decision against the manifest weight of the evidence. The court remanded the matter to the Commission for further consideration in view of the dissenting Commissioner's opinion, the opinions of the claimant's treating physicians, and the lack of concrete and specific evidence of realistic alternative employment available to the claimant.

¶ 6     On June 30, 2011, the Commission issued its decision on remand, vacating its original decision; finding the claimant permanently and totally disabled; and awarding him permanent total disability benefits of $421.59 per week from November 3, 1999, forward and for the rest of his life. The Commission noted that, although all three members of the panel painstakingly reviewed the extensive record and concluded that the claimant failed to show that he was permanently totally disabled, in light of the circuit court's finding that the record contains no concrete and specific evidence of realistic alternative employment available to him, they were compelled to find that he was entitled

2

to permanent total disability benefits.  On June 11, 2012, the circuit court, on judicial review, confirmed the Commission's decision on remand.

¶ 7    On September 25, 2013, this court found that the Commission's original determination that the claimant failed to prove he was permanently totally disabled and that he was permanently disabled to the extent of 50% loss of use of the person as a whole was not against the manifest weight of the evidence and that the circuit court, therefore, erred in setting aside the Commission's original decision.  Accordingly, this court vacated the circuit court's June 11, 2012, decision; vacated the Commission's June 30, 2011, decision on remand; reversed the circuit court's January 13, 2011, decision setting aside the Commission's original decision; and reinstated the Commission's original February 23, 2010, decision.  *Decatur Overhead Door v. Illinois Workers' Compensation Comm'n*, 2013 IL App (4th) 120639WC-U, ¶ 2.

¶ 8    On November 6, 2013, the claimant filed a petition for review under sections 19(h) and 8(a) of the Act (820 ILCS 305/19(h), 8(a) (West 2012)), seeking additional permanency and medical expenses.  The employer filed a motion to dismiss the section 19(h) petition, arguing it was filed beyond the 30-month period in which to file such a petition and that the time for filing such a petition was not tolled by judicial review.  Noting that the 30-month period following entry of the Commission's original decision expired on August 23, 2012, the employer argued that the claimant's November 6, 2013, section 19(h) petition was untimely.  The employer asked the Commission to dismiss the section 19(h) petition and allow the claimant to proceed only on the section 8(a) petition.

3

¶ 9    The employer's motion to dismiss the claimant's section 19(h) petition came before the Commission for a hearing on January 30, 2014.  At that time, the claimant submitted his response to the motion, arguing that his section 19(h) petition was timely because it was filed within 30 months of the Commission's June 30, 2011, decision on remand.

¶ 10    On April 23, 2014, the Commission granted the employer's motion to dismiss the claimant's section 19(h) petition, finding that it was untimely because it was filed more than 30 months after the Commission's original decision affirming the arbitrator's award. The Commission noted that the 30-month period was not tolled by judicial review and that this court had vacated the Commission's June 30, 2011, decision on remand.

¶ 11    On January 30, 2015, the circuit court, on judicial review, confirmed the Commission's decision dismissing the section 19(h) petition.  This appeal followed.

¶ 12                                    ANALYSIS

¶ 13    Section 19(h) of the Act provides, in pertinent part, that an award under the Act providing for compensation in installments "may at any time within 30 months *** after such *** award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended."  820 ILCS 305/19(h) (West 2012).

¶ 14    The purpose of section 19(h) is to set a period of time in which the Commission may consider whether a disability has recurred, increased, diminished, or ended. *Cuneo Press, Inc. v. Industrial Comm'n*, 51 Ill. 2d 548, 549, 283 N.E.2d 880, 881 (1972).

¶ 15    The 30-month period set out in section 19(h) "is a jurisdictional requirement that may be raised at any time." *Eschbaugh v. Industrial Comm'n*, 286 Ill. App. 3d 963, 968,

4

677 N.E.2d 438, 442 (1996). "It is an absolute and unconditional restriction on the right of review." *Id.* Therefore, the Commission is divested of its review jurisdiction for change of disability 30 months after an award of compensation. *Id.*

¶ 16   The 30-month period for filing a section 19(h) petition runs from the date of filing of the Commission's decision, and judicial review of the Commission's decision does not toll the 30-month period. *Cuneo Press, Inc.*, 51 Ill. 2d at 549, 283 N.E.2d at 881.

¶ 17   Here, the Commission entered its original decision on February 23, 2010, affirming and adopting the arbitrator's decision awarding the claimant permanent partial disability benefits. It is this original decision and its permanency award that the claimant seeks to modify. The employer argues, and the Commission agreed, that the 30-month period for filing a section 19(h) petition began running on February 23, 2010, and expired on August 23, 2012; that the 30-month period was not tolled by judicial review; and that the claimant's November 6, 2013, section 19(h) petition was, therefore, untimely.

¶ 18   The claimant, on the other hand, argues that when the Commission entered a new award for permanent total disability benefits on June 30, 2011, the 30-month period for filing a section 19(h) petition began to run anew, and his November 6, 2013, section 19(h) petition was, therefore, timely. However, the claimant is not seeking to modify the June 30, 2011, award of permanent total disability benefits; instead, he is seeking to modify the February 23, 2010, award of permanent partial disability benefits. Moreover, when he filed his section 19(h) petition on November 6, 2013, this court had already vacated the June 30, 2011, decision and reinstated the February 23, 2010, decision and, therefore, there was no June 30, 2011, award he could have sought to modify.

5

¶ 19 The issue presented in this appeal is a question of law, which we review *de novo*. See *Venture-Newberg-Perini, Stone & Webster v. Illinois Workers' Compensation Comm'n*, 2013 IL 115728, ¶ 14 ("On questions of law, review is *de novo*, and a court is not bound by the decision of the Commission.").

¶ 20 Our resolution of this issue is controlled by our supreme court's decision in *Big Muddy Coal & Iron Co. v. Industrial Comm'n*, 289 Ill. 515, 124 N.E. 564 (1919). There, after the circuit court confirmed the Commission's decision in favor of the plaintiff and the supreme court affirmed the circuit court's judgment, the plaintiff filed a section 19(h) petition claiming his disability had increased. *Id.* at 516, 124 N.E. at 564. The Commission agreed and increased his compensation accordingly. *Id.* at 516, 124 N.E. at 565. However, the circuit court set aside the Commission's decision and certified that the cause was proper for the supreme court's review. *Id.* at 516-17, 124 N.E. at 565.

¶ 21 The only issue before the supreme court was when the time period for filing the section 19(h) petition began to run. *Id.* at 517, 124 N.E. at 565. The plaintiff argued that the issues before the supreme court in the prior appeal were such as to make the award undetermined and his rights pending until the court finally determined those issues, and, therefore, his section 19(h) petition, which was filed within 18 months of the court's decision, was timely. *Id.* The supreme court rejected that argument, stating:

> "The right to file application for review of an award accrues as soon as an award is made and is not held in abeyance by appeal or writ of error, nor is that right affected by it. The right of either party in compensation proceedings to file application for review of an award does not in any way depend upon whether or

not the award, if an award has been made, is at the time of the filing of such application enforceable or is being held in abeyance by appeal or writ of error. In other words, the right to file an application for review does not depend upon whether or not the award made is enforceable at the time the application is filed, except in cases where there has been a final determination of this court quashing the award. The purpose of paragraph (h) of section 19 is to give a period of time in which it may be determined whether the injuries received recurred, increased, or diminished. The processes of nature continue without regard to whether there is an appeal pending in the cause, and therefore the ground for an application for review may arise without regard to whether the cause is still pending on appeal. This period of time is eighteen months and extends from the time of *** the award." *Id.* at 518-19, 124 N.E. at 565.

¶ 22 In *Cuneo Press, Inc.*, 51 Ill. 2d at 549, 283 N.E.2d at 881, the supreme court adhered to its decision in *Big Muddy Coal & Iron Co.*, noting that it had considered the same issue in *Big Muddy Coal & Iron Co.* and "held that the statutory limitation is not tolled by reason of judicial review of the award." The court declined to overrule *Big Muddy Coal & Iron Co.* on public policy grounds, stating:

"Section 19(h) provides that when the Industrial Commission orders that compensation payable in accordance with an award *** be paid in a lump sum the right of review under this section is terminated. In view of the fact that the right of review provided is so easily terminated we are not persuaded that public policy

7

requires judicial enlargement of the period during which the review may be sought." *Id.* at 549-50, 283 N.E.2d at 882.

¶ 23    Applying the supreme court's holding in *Big Muddy Coal & Iron Co.* to the facts of this case leads us to the conclusion that the 30-month period for filing a section 19(h) petition ran from the date of the Commission's original February 23, 2010, decision and was not affected by the subsequent vacatur and reinstatement of that decision. As the court noted in *Big Muddy Coal & Iron Co.*, 289 Ill. at 519, 124 N.E. at 565, "the right to file an application for review does not depend upon whether or not the award made is enforceable at the time the application is filed, except in cases where there has been a final determination of this court quashing the award."  Here, there was no final determination of the supreme court (or of this court) quashing the original award.  In fact, this court reinstated the original award, and it is that award that the claimant seeks to modify.

¶ 24    Accordingly, the claimant's section 19(h) petition was untimely because it was not filed within 30 months of the original award.  The Commission, therefore, properly dismissed the claimant's section 19(h) petition for lack of jurisdiction.

¶ 25                                    CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court, which confirmed the Commission's decision.

¶ 27    Affirmed.

8