(No. 48683.-

INMAN HARRAWOOD, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.*—(Betty L. Wise, Appellee.)

*Opinion filed April 5, 1977.*

Donald C. Dowling and Roy A. Safanda, of Dowling and Safanda, of St. Charles, for appellant.

Dreyer, Foote & Streit Associates, of Aurora (Thomas J. Streit and Richard M. Furgason, of counsel) for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Claimant, Inman Harrawood, filed an application for adjustment of claim with the Industrial Commission for injuries sustained in the course of his employment by Betty L. Wise. The arbitrator made an award. Each side sought review by the Commission, which, on October 28, 1975, without hearing further evidence, affirmed the award. Claimant sought review by *certiorari* in the circuit court, which quashed the writ.

The questions here are jurisdictional in nature: whether the appeal from the Industrial Commission was properly before the circuit court, and whether the appeal from the circuit court is before this court. Hence, it will be necessary to consider the dates of the various procedural steps.

Claimant received notice of the Commission's decision on October 29, 1975. On November 5, within the 20-day period allowed under section 19(f)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1)), he filed a praecipe for writ of *certiorari* in the circuit court. The writ issued that day. On November 19 the employer, who had not received the notice of the Commission's decision until October 31, also filed a timely praecipe for writ of *certiorari,* and the writ issued.

On December 31, 1975, the employer filed a motion to quash the writ of *certiorari* issued at the request of claimant. On February 17, 1976, the court quashed the writ. In the interim the Commission, on January 30, had transmitted the record to the circuit court.

On March 5, 1976, the court denied claimant's motion to vacate its order quashing the writ. On April 15 the employer moved to dismiss its own appeal, and, over claimant's objection, that motion was granted on April 29. On May 28 claimant filed its notice of appeal from all three orders of the trial court.

The reason for quashing the writ issued on claimant's application was that, prior to the filing of his praecipe and the issuance of the writ, he had not paid the $75 set by the Commission as the proper costs of the record. See section 19(f)(1) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1)).

In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, we held that even if the receipt were not received until after the praecipe was filed, the purpose of the section was achieved if the clerk had been advised by the Commission that the amount due had in fact been paid. Claimant, by affidavit, showed that an employee of the Commission advised no further payment of costs was necessary. Claimant does not contend that the clerk of the circuit court had been so advised at the time the writ issued.

We need not consider whether the claimant complied with the requirements of section 19(f)(1), for at the time of the entry of the order quashing the writ of *certiorari* issued at the request of the claimant, the court had before it the writ issued upon the praecipe of the employer, who, the parties agreed, had made a timely payment of the costs.

Under *Murrelle v. Industrial Com.* (1943), 382 Ill. 128, claimant was entitled to have the court consider his objections to the decision of the Commission. There we said:

> "When one party sues out a writ of *certiorari,* the entire record is brought up for review. It clearly was never intended that a 'cross writ of *certiorari*' should be necessary in order for the other party to preserve his right to object to any question

arising on the record or involved in the decision reviewed." (382 Ill. 128, 133.)

Claimant here was in the same position as was the employer in *Murrelle*. The employer's writ brought before the court the claimant's objections to the award of the Industrial Commission. Accordingly, it was error for the circuit court to quash the writ of *certiorari*.

The remaining issue is whether the case is before this court. The employer has moved to dismiss the appeal relating to the orders of the circuit court of February 17 and March 5, 1976, on the basis that the notice of appeal of claimant filed May 28, 1976, was not timely, and thus this court has no jurisdiction. However, with claimant not required to have a cross writ of *certiorari* issue, the entire matter was before the circuit court until April 29, when it dismissed the employer's appeal. Hence, the notice of appeal filed May 28, 1976, was within the 30-day period prescribed by Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303).

The order of the circuit court entered on April 29, 1976, is reversed, and the cause is remanded to the circuit court with directions to proceed in a manner not inconsistent with this opinion.

*Reversed and remanded.*