(No. 51650—

SAMUEL R. HASCEK, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Thede Marine, Ltd., *et al.*, Appellants).

*Opinion filed November 21, 1979.*

Klohr, Braun, Lynch & Smith, Ltd., of Chicago (Mark A. Braun and James W. Ford, of counsel), for appellants.

Vitell, Greenfield, Johnson & Goldstein, of Chicago (Richard O. Greenfield and Peter B. Carey, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Samuel R. Hascek, sought a writ of *certiorari* in the circuit court of Cook County to review the amount of compensation awarded him by the Industrial Commission from respondents, Thede Marine, Ltd. (Thede), and Aetna Life and Casualty Co. (Aetna), neither of which had sought review. Subsequently claimant moved to quash his writ, and the court granted that motion over the objections of Thede and Aetna. They appealed here (58 Ill. 2d R. 302(a)), claiming that the circuit court's decision to quash the writ of *certiorari* was improper

because it deprived them of an opportunity to review the Commission's award. In response, claimant asserts an absolute right to have his own writ of *certiorari* quashed.

Our decision in *Harrawood v. Industrial Com.* (1977), 66 Ill. 2d 230, is dispositive of this issue. There the employee and the employer both obtained writs of *certiorari* to review the decision of the Industrial Commission. The employee's writ, however, was subsequently quashed for failure to comply with the conditions provided in section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)). After the employee's writ was quashed the employer moved to quash his own writ and the circuit court granted that motion over the objection of the employee. We held that the circuit court had acted improperly. (*Harrawood v. Industrial Com.* (1977), 66 Ill. 2d 230, 233.) A writ of *certiorari* brings the entire record of the Industrial Commission before the court, and an adverse party need not obtain a separate writ of *certiorari* in order to challenge elements of the Industrial Commission's decision. Consequently, the writ should not be quashed over the objection of the opposing party. *Harrawood v. Industrial Com.* (1977), 66 Ill. 2d 230, 233.

We are not unmindful of the decisions of this court in *Northwestern Steel & Wire Co. v. Industrial Com.* (1967), 37 Ill. 2d 112, and *Brewerton Coal Co. v. Industrial Com.* (1926), 324 Ill. 89, wherein it was held that one petitioning for review by the Commission of the action by the arbitrator had the right to dismiss his petition. Those cases, however, dealt with review before the Commission, where different considerations apply. There is little point, for example, in requiring both parties to comply with the statutory requirement that "the party commencing the proceedings for review in the Circuit Court" shall pay the cost of preparing the transcript. Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)(1).

We note, however, that where an employer seeks modification or reversal of a Commission award under a writ of *certiorari* issued at the request of an employee who wishes his writ quashed, the court issuing the writ may wish to consider whether the cost and bond requirements of sections 19(f)(1) and 19(f)(2) (Ill. Rev. Stat. 1975, ch. 48, pars. 138.19(f)(1), 138.19(f)(2)) are thereby activated.

We accordingly reverse and remand this cause to the circuit court of Cook County for further proceedings consistent herewith.

*Reversed and remanded.*